UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JACK COMER WILLIAMS, II,

Petitioner,

v.

JEFF PREMO,

Respondent.

Case No. 6:16-cv-01116-AA

OPINION AND ORDER

AIKEN, District Judge:

Petitioner filed an Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging his sex abuse convictions in two different cases on grounds that he received ineffective assistance of counsel. For the reasons discussed below, the petition is denied.

## BACKGROUND

Petitioner challenges his convictions in two separate cases, Marion County Circuit Court Case Nos. 09C49406 and 11C40804.

In Case No. 09C49406, petitioner pled guilty to three counts of Sodomy in the First Degree, three counts of Rape in the First Degree, one count of Sexual Abuse in the First Degree, and one count of Unlawful Sexual Penetration in the Second Degree. Resp't Exs. 101 at 18-34;

1   - OPINION AND ORDER

*see also* Resp't Ex. 104. The charges arose from the sexual abuse of petitioner's step-daughter over the course of several years. On May 11, 2010, the trial court sentenced petitioner to 400 months' imprisonment and entered final judgment. Resp't Ex. 101 at 18-34.

After petitioner's conviction in Case No. 09C49406, another step-child disclosed that petitioner had sexually abused him for approximately five years. Resp't Ex. 103. In Case No. 11C40804, petitioner pled guilty to four counts of Sodomy in the First Degree and one count of Sexual Abuse in the First Degree. Resp't Ex. 101 at 5-17; *see also* Resp't Ex. 105. On May 16, 2011, the court sentenced petitioner to 400 months' imprisonment, consecutive to the sentence imposed in Case No. 09C49406. Resp't Ex. 101 at 5-17; *see also* Resp't Ex. 107 at 14-15.

Petitioner did not file a direct appeal in either case. Instead, on April 30, 2012, petitioner filed a state petition for post-conviction relief (PCR) and alleged ineffective assistance of counsel in both cases. Resp't Ex. 136; *see also* Resp't Ex. 108 (amended PCR petition).

The PCR court denied relief, and petitioner appealed the PCR court's decision regarding claims related to Case No. 09C49406; petitioner did not appeal the PCR ruling regarding claims relating to Case No. 11C40804. Resp't Ex. 129; *see also* Resp't Ex. 130 at 14, n. 1 ("Petitioner apparently does not dispute that the post-conviction court correctly denied relief on his claims against counsel concerning Marion Count[y] Case No. 11C40804."). The Oregon Court of Appeal affirmed without opinion and the Oregon Supreme Court denied review. Resp't Exs. 133-34.

On January 26, 2016, petitioner filed this federal habeas petition.

## DISCUSSION

Petitioner asserts four claims of ineffective assistance of counsel: two claims regarding counsel's performance in Case No. 09C49406 and two claims regarding counsel's performance

in Case No. 11C40804. Respondent maintains that all claims are barred from federal review. I agree.

A. Grounds One and Two

In Grounds One and Two, petitioner alleges that his trial counsel rendered ineffective assistance in Case No. 09C49406 by failing to file a motion to suppress and failing to advise petitioner of the possibility of filing a motion to suppress before petitioner entered into a plea agreement. Pet. at 4-5 (ECF No. 2). Respondent maintains that Grounds One and Two are barred by the applicable statute of limitations.

A petitioner must file a federal habeas petition within one year after a petitioner's conviction becomes final. 28 U.S.C. § 2244(d)(l)(A). The limitations period is tolled during the time in which a "properly filed" application for state post-conviction relief is "pending." *Id.* § 2244(d)(2). As noted above, final judgment in Case No. 09C49406 was entered on May 11, 2010. Resp't Ex. 101. Petitioner had 30 days to file a direct appeal of that judgment, and he did not do so. Or. Rev. Stat. § 138.071 (direct appeals must be filed no later than 30 days after judgment is entered). Thus, the judgment became final at the expiration of that period, on June 10, 2010.

Accordingly, petitioner had until June 10, 2011, excluding any time during which a "properly filed" PCR petition was pending, to file a federal habeas corpus petition regarding counsel's performance in Case No. 09C49406. Petitioner did not file his PCR petition until April 30, 2012, and it was not "pending" at any time before June 10, 2011 to toll the statute of limitations. As a result, the statute of limitations expired on June 10, 2011 and the federal petition is untimely.

Petitioner nonetheless argues that he is entitled to equitable tolling, which is available "only if extraordinary circumstances beyond" petitioner's control made "it impossible to file a petition on time." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (citation omitted); *see also Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A petitioner who fails to file a timely petition due to his own lack of diligence is not entitled to equitable tolling. *Id.* Consequently, equitable tolling is "unavailable in most cases," as the threshold for its application is "very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (citations omitted).

Petitioner argues that his post-conviction trial counsel committed serious error constituting "extraordinary circumstances" and caused his untimely filing. Petitioner contends that he "depended upon his post-conviction counsel to properly file his petition for post-conviction review" and "believed in good faith that the time in which he had to file his federal habeas corpus on both cases was tolled, trusting that his post-conviction counsel would have advised him otherwise if this were not so." Pet'r Reply at 2-3 (ECF No. 34).

However, petitioner filed his original PCR petition pro se in April 2012; his PCR counsel was not appointed until June 15, 2012, more than one year after the limitations period expired. Resp't Suppl. Ex. 137 at 2. As a result, petitioner's PCR counsel could not have caused the untimely filing of his federal habeas petition when the statute of limitations expired before counsel was appointed. Petitioner fails to demonstrate that he exercised diligence or that any extraordinary circumstance beyond his control caused the untimely filing.

Accordingly, Grounds One and Two are barred by the statute of limitations.

B. Ground Three

In Ground Three, petitioner alleges that counsel failed to adequately advise petitioner in Case No. 11C40804 that his guilty plea would result in imprisonment for the rest of his natural life. Pet. at 7. Respondent argues that this claim is procedurally defaulted and barred from federal review because petitioner failed to fairly present it to the Oregon Supreme Court. *See* 28 U.S.C. § 2254(b)(1)(A); *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (before seeking federal habeas relief, a petitioner must "fairly present" a federal claim to the State's highest court "in order to give the State the opportunity to pass upon and to correct alleged violations of its prisoners' federal rights").

The record reflects that petitioner did not raise this claim in his PCR appeal. Resp't Ex. 129. Petitioner does not dispute that Ground Three is unexhausted and procedurally defaulted, and he does not allege cause and prejudice or a fundamental miscarriage of justice to excuse the procedural default. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Moreover, petitioner presents no argument to support the merits and fails to establish entitlement to habeas relief on Ground Three. *See* Pet'r Reply at 3; *Mayes v. Premo*, 766 F.3d 949, 957 (9th Cir. 2014) (a habeas petitioner bears the burden of proving his claims).

C. Ground Four

In Ground Four, petitioner alleges that the PCR court erred by failing to enter a judgment that complied with Or. Rev. Stat. § 138.640(1). Pet at 9. Specifically, petitioner alleges that the PCR court "did not make any express written findings other than referencing the oral findings it

made on the record." Pet. at 10. Respondent argues that this ground does not assert a federal issue and is not cognizable on federal habeas review.

Petitioner does not specify how PCR's court alleged error violated the federal constitution or any other federal law, and he does not cite any provision of federal law to support his claim. *Id.* Thus, Ground Four does not raise an issue of federal law. *See* 28 U.S.C. § 2254(a) (a federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"); *Cooper v. Neven*, 641 F.3d 322, 331-332 (9th Cir. 2011) (habeas claims "arising out of the state trial courts' consideration of...a state habeas petition" are not "cognizable for federal habeas review").

Petitioner nonetheless argues that the PCR's court's error was "more than a simple procedural error of state collateral review" and instead denied petitioner his "constitutional right to preserve for federal habeas corpus review issues raised in state collateral review." Pet'r Reply at 2. I disagree. Under Or. Rev. Stat. § 138.640(1), "The judgment must clearly state the grounds on which the cause was determined, and whether a state or federal question was presented and decided." Whether the PCR court's judgment complied with this state statute did not affect petitioner's ability to preserve or exhaust his federal claims; he could do so by raising federal issues in his PCR appeal.

Moreover, whether the PCR court's judgment complied with Or. Rev. Stat. § 138.640(1) is a state-law determination that is not subject to federal habeas review. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). Accordingly, Ground Four does not raise a cognizable claim for federal habeas relief.

## CONCLUSION

For the reasons explained above, the Petition for Writ of Habeas Corpus (ECF No. 2) is DENIED and this case is DISMISSED. A Certificate of Appealability is denied on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

DATED this 22nd day of May, 2018.

Ann Aiken
United States District Judge